**EMPIRE TRANSFER & STORAGE CO. v. BOTTO. (No. 8570.)**

(Court of Civil Appeals of Texas. Dallas. June 11, 1921.)

1. Carriers ☜137—Instruction as to measure of damage for injuries to household goods held erroneous.

In an action against a transfer company for damages to household goods, an instruction that the measure of damages was the reasonable market value of the goods damaged and the usual value of the labor and material necessary to repair the same together with the difference between the reasonable market value of the goods just before the damage and just after the repair was made *held* erroneous as in effect authorizing a recovery for the value of the goods plus the difference between the market value before the damage and after the repair.

2. Carriers ☜135—Measure of damage for injury to household goods stated.

When household goods in use are injured while being transported by a carrier, the meas-

ure of damage is the difference in the actual value just prior to and just subsequent to the injury.

3. Appeal and error ☜1170(9)—Erroneous instruction on damages not prejudicial' in view of recovery.

Where in an action against a transfer company for injuries to household goods the evidence authorized a recovery, an erroneous instruction as to the measure of damages is not ground for reversal in view of rule 62a (149 S. W. x).

Error from Dallas County Court.

Action by W. M. Botto against the Empire Transfer & Storage Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. C. Patton, Etheridge, McCormick & Bromberg, and Chas. T. McCormick, all of Dallas, for plaintiff in error.

Nathaniel Jacks and Love & Rutledge, all of Dallas, for defendant in error.

TALBOT, J. The defendant in error, Botto,' sued the plaintiff in error, to recover damages in the sum of $600, alleged to have been sustained by him as the result of injuries to certain household goods transported in an automobile truck from Fort Worth, Tex., to Dallas, Tex. The defenses interposed were, in substance, a denial of negligence, a plea of the assumption of the risk of damage to the goods in being conveyed over the roads in the condition they were in; and a denial that the goods were damaged to the extent claimed. The case was submitted to the jury on a general charge, and they returned a verdict in favor of the defendant in error for the sum of $400.

The only assignment of error reads thus:

"The judgment is vitiated by fundamental error apparent of record in that the court directed the jury to assess double damages."

Upon the measure of damages the court charged the jury as follows:

"You will find for the plaintiff for such an amount as would compensate him for his loss; and in this connection, you are told that his measure of damages, if any he has suffered, is the reasonable market value at Dallas at said time, of any of such furniture as was rendered valueless, if any, by such damage, and the usual and customary value of the labor and material necessary to repair same, together with the difference between the reasonable market value of said furniture at Dallas, Tex., just before the damage, if any, and its reasonable market value at Dallas, Tex., just after the repair was made."

[1] This charge is erroneous and constitutes, we are inclined to think, fundamental error or error apparent on the face of the record, which entitles the plaintiff in error to invoke the judgment of this court as to

its correctness without the same having been assigned as error. Manifestly the effect of the charge was to direct the jury that, if any of the plaintiff's furniture was rendered valueless, he would be entitled to recover the amount of its value, plus the difference between the reasonable market value of such furniture at Dallas, Tex., before the damage and its reasonable market value at that place just after the repairs.

[2] The goods in question were household goods of the defendant in error, and the rule is well established that, when household goods in use are injured while being transported by a carrier, the measure of damages is simply the difference in their actual value just prior to and just subsequent to the injury. Wells Fargo Exp. Co. v. Williams, 71 S. W. 314; Benedict v. Chicago, R. I. & P. Ry. Co., 91 S. W. 811.

[3] But the question arises: Should the judgment, notwithstanding the court's incorrect charge on the measure of damages, be reversed, and the case remanded for another trial? We think not. The rule now in this state is that—

"No judgment shall be reversed on appeal and new trial ordered in any case on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounts to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court." Rule 62a (149 S. W. x).

In our opinion, the error in the paragraph of the court's charge of which complaint is made did not amount to any such denial of the rights of the plaintiff in error as was reasonably calculated to cause the rendition of an improper verdict and judgment in the case; nor was such error such as probably prevented the appellant from making a proper presentation of the case to the appellate court. The testimony of the defendant in error, W. M. Botto, is to the effect that his furniture and household goods were badly injured, and that the damage sustained as a result thereof was in excess of $600, the amount he sued to recover. His wife, Mrs. Botto, testified to the same effect, and further that she knew the furniture and goods "were all wrapped and packed in good order, and that when they were delivered in Dallas they were damaged." J. S. Daly, introduced by the plaintiff in error as an expert witness, testified, among other things, on cross-examination, that he had been in the furniture finishing business for a long time and understood fine furniture thoroughly; that when a piece of fine furniture is scratched deeply it

is just like making a new piece of furniture to repair it; that a piece of "fine furniture scarred and marred as you have described in the testimony in this case would be practically worthless." The only other witness who testified in regard to the nature and extent of the damage to the goods was the man who drove the automobile truck for the plaintiff in error in transporting the goods from Fort Worth to Dallas. This witness testified:

"I unloaded all the goods except the piano. I could not see any serious injury or damage to any piece of the furniture. I saw scratches on the piano also on the stool and mostly old marks, but nothing serious, and saw one leg of the Victrola split, but seemed could be easily fixed. What scratches were on the goods could be easily varnished over and made as good as new."

It does not appear that this witness made any special examination of the goods with the view of ascertaining the character and extent of the damage done to them or that he was competent to testify as to the effect of the scratches he saw upon the use of the furniture or its value. His testimony, as it appears in the record before us, is of little probative force in determining the character and effect of the injuries done to the defendant in error's property, and it would seem that, taking the evidence as a whole, the jury's verdict in awarding him only $400 is very conservative and less than they would have been justified in awarding. The proof of damages in this case was confined to the measure of damages in such a case, and we think the error in the court's charge to which we have referred resulted in no injury whatever to the transfer and storage company, and that we should therefore affirm the judgment. It is accordingly so ordered.

Affirmed.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes